1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| **BENGIE R. NAGRAMPA,** | Case No. 2:08-CV-02240-JAM-KJM |
| Plaintiff, | **ORDER** |
| v. | |
| **CALIFORNIA STATE PRISON-SACRAMENTO, and DOES 1-10, inclusive,** | |
| Defendants. | |

   Plaintiff Nagrampa moved to amend his complaint to change Defendant's name from California State Prison-Sacramento to the California Department of Corrections and Rehabilitation ("CDCR") and to add two state-law claims.  Defendant agreed to the pleading being amended to properly name the CDCR as the Defendant.  However, Defendant filed an opposition brief, declaration and request for judicial notice to oppose Plaintiff amending the complaint to add the two state-law claims.  The parties appeared for argument on Wednesday, September 23, 2009.

   The Court, having reviewed and considered the papers filed in support and opposition to the motion to amend, and having heard from the parties at argument, makes the following ruling:

1

[Proposed] Order (2:08-CV-02240-JAM-KJM)

PDF created with pdfFactory trial version www.pdffactory.com

1  The Court grants Defendant's request for judicial notice, which is Document 24 in the
2  Court's file.
3  Plaintiff's motion to amend the complaint to change the Defendant's name to the CDCR is
4  granted.  Plaintiff will have 20 days from the date of this order to file the First Amended
5  Complaint.  No responsive pleading is required as the amendment changes the Defendant's name
6  only.
7  As to Plaintiff's motion to amend the complaint to add two state-law claims, pursuant to
8  Federal Rule of Civil Procedure 15, leave to amend the complaint is usually given.  However, it is
9  in the Court's discretion whether to exercise supplemental jurisdiction and allow the state-law
10 claims to be added.  The two state-law claims were previously brought against Defendant's
11 employees and considered by a state court.  The state court granted the Defendant's employees'
12 demurrer to those causes of action.  Amending the complaint to add the two causes of action
13 would be futile. Immunities that apply in state court also apply in federal court.  As no good
14 cause was shown as to why these claims should be allowed, Plaintiff's motion to amend the
15 complaint to add the two state-law claims of Wrongful Termination in Violation of Public Policy
16 and Violation of California Labor Code Section 1102.5 is denied.
17  IT IS SO ORDERED.

Dated:  September 28, 2009        /s/ John A. Mendez
                                  The Honorable John A. Mendez

2

[Proposed] Order (2:08-CV-02240-JAM-KJM)

PDF created with pdfFactory trial version www.pdffactory.com